Plaintiff Party without attorney:
Name:  jerri estelle of the family wheatley
Address: c/o 701 26 ½ Road
Grand Junction
Colorado
Phone number: 9705491388
E-mail: enlightenmejerri@protonmail.com

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
3:18 pm, Jul 07, 2023
JEFFREY P. COLWELL, CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Plaintiff:**
JERRI ESTELLE OF THE FAMILY
WHEATLEY, pro se

                Civil Action No. 1:23-CV-00920-DDD

  v.

**Defendants:**
SHEILA REINER, MESA COUNTY TREASURER
AND PUBLIC TRUSTEE, KEN BROWNLEE, MESA
COUNTY ASSESSOR, THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF MESA,
STATE OF COLORADO, and ALL UNKNOWN PERSONS
who claim any interest in the subject matter of this action.

### MOTION FOR SANCTIONS AGAINST RICHARD TUTTLE FOR VIOLATION OF THE RULES OF PROFESSION CONDUCT AND FRCP 11(b)(1-4)

Pursuant to FRCP 11(c), Jerri Estelle of the family Wheatley, as Plaintiff in this matter, files this Motion for Sanctions Against Richard Tuttle for Violation of the Rules of Professional Conduct and FRCP 11(b)(1-4), and as grounds therefore states as follows:

1. Richard B. Tuttle (hereinafter "Tuttle"), as counsel for County Defendants, filed a Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(6) and FRCP 12(h) … on June 9, 2023 (hereinafter "MTD").

2. Plaintiff contacted Tuttle by e-mail on June 13, 2023 informing him of Plaintiff's intent to file a motion to strike the "[i]nflammatory ... prejudicial, false statements made in … [MTD] by labeling [Plaintiff] a sovereign citizen (among other false claims … alleged about about [pleading requirements]" and a grievance against him for violation of RPC 3.5(a) and 8.4(c-d) (see Exhibit 1 emails, attached hereto and incorporated herein by this reference).

3. Plaintiff provided Tuttle the incomplete version of the Motion to Strike and for Sanctions on June 15, 2023 (Exhibit 2, attached hereto and incorporated herein by this reference) which identified the terms "sovereign citizen" and "disgruntled taxpayer," and the statement "Plaintiff … is seeking all the benefits that derive from government services" as prejudicial, false statements of the material facts before this Court.

4. On June 15, 2023 Tuttle responded by filing [County Defendants'] Unopposed Motion for Clarification Regarding Defendants' Previously Filed Motion to Dismiss Amended Complaint, confirming Tuttle's conduct intentional.

5. On June 30, 2023 Plaintiff filed a Motion to Strike County Defendants' MTD, incorporated by reference as if fully set forth herein.

6. Tuttle is governed by the Rules of Professional Conduct, his oath of admission (CRCP 211.3), and FRCP 11(b) et seq.  Tuttle violates CRCP 211.3 in all facts alleged hereafter. All parenthetical "RPC" and "FRCP" identifications herein are the relevant rules Tuttle's conduct violates which are defined as follows:

    a. RPC 3.5(a) "A lawyer shall not: seek to influence a judge, juror, prospective juror or other official by means prohibited by law."

      b.      RPC 4.1(a) "In the course of representing a client a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person."

      c.      RPC 8.4 "(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation; (d) engage in conduct that is prejudicial to the administration of justice; and g) engage in conduct, in the representation of a client, that exhibits or is intended to appeal to or engender bias against a person on account of that person's ... national origin, whether that conduct is directed to other counsel, court personnel, witnesses, parties, judges, judicial officers, or any persons involved in the legal process."

      d.      CRCP 211.3 "No applicant shall be admitted as a licensed attorney in Colorado until such time as he or she has taken the oath of admission prescribed by the Supreme Court."

      e.      FRCP 11(b) "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

7. Tuttle falsely states the absence of legal authority for Plaintiff's claims and causes of action (MTD paras. 1, 4, 19(b-j)) when there is no such requirement contained in the General Rules of Pleading Claim for Relief under FRCP 8. Such false statements violate RPC 3.5(a), 4.1(a) and 8.4(c-d) and FRCP 11(b)(1-4).

8. Tuttle labels Plaintiff a "sovereign citizen" (MTD para. 6) in order to raise an issue of immunity based on such label in the face of his own admission there is no such reference in Plaintiff's Complaint. He later then cites immaterial and impertinent case law pertaining to the same (MTD para. 15-16) as a basis for dismissal of Plaintiff's entire Complaint. Tuttle's "personal opinion" of the nature of Plaintiff's claims is a "false statement of material fact [and] law."

    a. Tuttle's admission precludes him from "reasonably believ[ing] [sovereign citizen immunity] is relevant or ... will … be supported by admissible evidence" (FRCP 11(b)(1-4)), which implies that the "dishonest … misrepresentation" of the facts (RPC 8.4(c)) is being raised "to influence a judge" (RPC 3.5(a)) through referencing immaterial subject matter "prejudicial to the administration of justice" (RPC 8.4(d)).

    b. Such conduct is made even more egregious since Tuttle referenced Plaintiff's Constitutionally guaranteed rights' facts and claims[1] (MTD subparas. 6(a-c), 7 & 8), as evidence against the justness of Plaintiff's cause and Plaintiff's credibility, to support his label. In breach of Tuttle's oath, his words confirm he is dead to rights with

---

1  Plaintiff's facts and claims invoke The Constitution of the State of Colorado Article II, Section 2 verbatim.

intent "to appeal to or engender bias against [Plaintiff] on account of [her] national origin" (RPC 8.4(g)) as one of the People of the United States and the State of Colorado.

      c.     Tuttle's "improper purpose" in attempting to raise such issue is "harassment" which has "needlessly increase[d] the cost of litigation" in violation of FRCP 11(a)(1).

     9.     Tuttle's citing of *Hornbeck v. Hamm,* 283 F.Supp 549, 552 (D.Ct. Alabama 1968) as grounds for denying this Court's 28 USC § 1331 jurisdiction (MTD para. 9) is a "dishonest … misrepresentation" of the facts (RPC 8.4(c)) and "a false statement of law" (RPC 4.1(a)), since Tuttle knows or should know the cite he used applies strictly to jurisdiction under 28 USC § 1343.  Such conduct is also in violation of FRCP 11(b)(1-4).

     10.     Tuttle's statement that Plaintiff is an "apparently disgruntled taxpayer" is a "false statement of material fact [and] law" (RPC 4.1(a) & FRCP 11(b)(1-4)), expressed without admissible evidence to rebut Plaintiff's factual allegations to the contrary (MTD para. 15). Tuttle's personal opinion of Plaintiff's status is a deceitful misrepresentation of the facts, biased against Plaintiff's Constitutionally guaranteed rights, and "prejudicial to the administration of justice" (RPC 8.4(c-d, & g)).

     11.     Tuttle ignores and undermines the Colorado Supreme Court's holding in *Linke v. Commissioners*, 129 Colo. 165, 171, 268 P.2d 416 (Colo. 1954) wherein it was affirmed that "The constitutional provision is directed against the school districts and political subdivisions as such, to prevent their levying or assessing taxes against their [people] without their consent, but does not prohibit individual taxpayers from assuming such burdens as they voluntarily desire to

assume[,]" by misrepresenting and falsely stating that his citation from the case supports the "opposite conclusion" (MTD para. 17).  His citation clearly confirms Plaintiff's reliance on *Linke* since the Court used the words "should share." Tuttle's false statement is in direct violation of RPC 4.1(a), 8.4(c), FRCP 11(b)(1-4) and is prejudicial to the administration of justice (RPC 8.4(d)).  It is in contempt of the Colorado Supreme Court's integrity.

   12. Tuttle's opinion, expressed without facts or evidence to rebut Plaintiff's factual allegations to the contrary, that "Plaintiff … is seeking all the benefits that derive from government services expended on Plaintiff's behalf, but is unwilling to pay its proportionate part of the legally assumed burden" (MTD para. 18) is a "false statement of material fact [and] law" (RPC 4.1(a) & FRCP 11(b)(1-4)).  Tuttle's personal opinion of Plaintiff's status is a deceitful misrepresentation of the facts, biased against Plaintiff's Constitutionally guaranteed rights, and "prejudicial to the administration of justice" (RPC 8.4(c-d, & g)).

   13. Tuttle put forth frivolous arguments against all 10 of Plaintiff's causes of action which indicate he is either deceitful or incompetent.  Whichever the case may be, Tuttle's frivolous arguments are prejudicial to Plaintiff's claims and in violation of FRCP 11(b)(1-4). Below are the most egregious arguments indicating Tuttle is unaware of the statutes County Defendants and Courts of law are governed by (see also para. 7 hereinabove) and are offered as further support for sanctions against him:

     a. 1st Cause of Action – Adjudication of Rights in Real Property CRCP 105. Tuttle states "Is the Plaintiff requesting declaratory relief or something else[]" directly after admitting "Plaintiff seeks a decree requiring the Defendants set forth the nature of

their claims, determining that Defendants have no interest, estate, title or claim of any kind whatsoever in the above described real property." Tuttle must be completely ignorant of the dictates of CRCP 105 or he is being dishonest and deceitful in an attempt to deny Plaintiff's rights (RPC 3.5(a), 4.1(a) and 8.4(c-d)). Furthermore he intentionally[2] ignores Plaintiff's Demand for Relief section on pg. 18 of 2nd Amended Complaint (RPC 8.4(c-d) & FRCP 11(b)(1-4)).

      b.      2nd Cause of Action – Violation of 42 USC 1983. Tuttle states "[t]here is no attempt to explain how these sections of the Colorado and U.S. Constitutions have been violated[][3]" even though he has sworn an oath to uphold the same and the language of the Constitution "is to be expounded in its plain, obvious and common meaning, unless the context furnishes some ground to control, qualify or enlarge it … They are instruments of a practical nature, founded on the common business of life, adapted to common wants, designed for common use and fitted for common understandings. The people make them, the people adopt them, the people must be supposed to read them with the help of common ..." (see *State ex Inf. Danforth v. Butler*, 524 S.W.2d 1 (Mo. 1975). It is difficult to imagine Tuttle needs an explanation for The Constitution of the State of Colorado, Article II, Section 1 - "**All political power is vested in and derived from the people; all government, of right, originates from the people, is founded upon their will only,** and is instituted solely for the good of the whole[,]" Section 2 - "**The people of this state have the sole and exclusive right of governing themselves, as a free,**

---

2  MTD paras. 6(c) & 8 confirm counsel was aware of Plaintiff's Demand for Relief section.
3  Tuttle left out a material portion of Plaintiff's claim for immunity which included the facts stated in Plaintiff's 1st Cause of Action.

**sovereign and independent state**; and to alter and abolish their constitution and form of government **whenever they may deem it necessary to their safety and happiness** (emphasis added), provided, such change be not repugnant to the constitution of the United States[,]" and Section 3 – "**All persons have certain natural, essential and inalienable rights**, among which may be reckoned the right of enjoying and defending their lives and liberties; **of acquiring, possessing and protecting property**; and of **seeking and obtaining their safety and happiness."** In fact, if Tuttle was operating according to his sworn oath (CRCP 211.3) he wouldn't have put forth such a frivolous pleading against Plaintiff's rights (RPC 3.5(a), 4.1(a), 8.4(c-d) & FRCP 11(b)(1-4)).

c.      4th Cause of Action – Breach of Fiduciary Duty.  Tuttle states "Plaintiff claims a breach of fiduciary duty but provides no legal authority for this claim.  Plaintiff merely offers a conclusion that a fiduciary duty exists because Defendants hold offices of public trusts and have sworn oaths to uphold Constitutions[]" in denial or ignorance of the dictates of CRS 24-18-103, which Plaintiff is not required to specify in her Complaint (see para. 7 hereinabove) since Defendants and Tuttle should know the statutes they are governed by.  Tuttle's frivolous and false assertion is against Plaintiff's rights (RPC 3.5(a), 4.1(a), 8.4(c-d) & FRCP 11(b)(1-4)).

14.     As further grounds for the necessity of sanctions imposed against Tuttle, Plaintiff informs this Court of the false statements made in Tuttle's May 12, 2023 filing of Amended Certificate of Service of Motion to Dismiss (Docket 13).  The pleading states "[on] May 9, 2023 the Plaintiff was served via certified mail."  Plaintiff incorporates by reference the facts stated in

Plaintiff's Unopposed Motion for Extension of Time to Respond filed May 15, 2023[4] as if fully set forth herein.  Tuttle's certified mail delivery was not actually performed until May 19, 2023 (Exhibit 3, certified mail envelope postmarked 5/19/23 and USPS confirmation of delivery tracking report, attached hereto and incorporated herein by this reference).  Tuttle's false statement of a material fact violates FRCP 11(b)(3) and RPC 4.1(a) & 8.4(c).

       WHEREFORE, pursuant to F.R.C.P. 11(c), Tuttle's confirmation of his frivolous MTD after being given notice that it violates the Rules of Professional Conduct he is governed by, the passing of 21 days (FRCP 11(c)(2)) for Tuttle to correct himself and Tuttle's prior filing of a false Certificate of Service, Plaintiff respectfully requests this Court impose necessary and appropriate sanctions to deter Tuttle from practicing law in a manner that is prejudicial to the administration of justice and in violation of his oath and FRCP 11(b) et seq.

Dated: July 7, 2023                                   s/jerri_____
                                                          jerri estelle of the family wheatley, pro se

### CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

I hereby certify that the forgoing pleading complies with the type-volume limitation set for in Judge Domenico's Practice Standard III(A)(1).

                                                          s/jerri_____
                                                         jerri estelle of the family wheatley, pro se

---

4  Plaintiff's Motion is dated May 15, 2023 and as certified therein was mailed on the same date.  Plaintiff called the Court on May 22, 2023 to determine the status of the motion and discovered the Court had not received the mailing.  Plaintiff filed the Motion via email on that date (Docket 14).

## CERTIFICATE OF SERVICE

      I hereby certify that on this 7th day of July, 2023, I filed the foregoing **MOTION FOR SANCTIONS AGAINST RICHARD TUTTLE FOR VIOLATION OF THE RULES OF PROFESSION CONDUCT AND FRCP 11(b)(1-4)** with the Clerk of the Court by emailing it to COD_ProSe_Filing@cod.uscourts.gov providing a true and correct copy upon counsel of record by hand delivery to counsel for County Defendants at the address identified below:

Richard B. Tuttle  
Dufford Waldeck  
744 Horizon Court, Suite 300  
Grand Junction, Colorado

                                                   s/jerri_____  
                                                   jerri estelle of the family wheatley